# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 18-CR-0030-CVE |
| DONALD LLOYD BIRDSONG, JR., | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant Donald Lloyd Birdsong, Jr.'s, motion in limine (Dkt. # 14) seeking to exclude the introduction of images and videos designated "Age Difficult" in a forensic evaluation.

## I.

On March 26, 2018, the Court held a pretrial conference in this case. Dkt. # 19. There, the Court considered the two motions in limine filed by defendant (Dkts. ## 14, 15). The Court granted defendant's motion in limine (Dkt. # 15) seeking to exclude the introduction of "Erotica Stories." Dkt. # 19, at 10-11.[1] The Court granted in part defendant's motion in limine (Dkt. # 14) seeking to exclude the introduction of images and videos designated "Age Difficult." Dkt. # 19, at 6. At the conference, the government stipulated that it would seek to introduce only one image and one video of what the government considers to be child pornography designated as "Age Difficult" in the

---

[1] The Court granted this motion (Dkt. # 15) as to the government's case in chief on the condition that the government could offer the evidence in question in rebuttal, should defendant make this evidence relevant as part of his defense. Dkt. # 19, at 10-11. In addition, the parties agreed by stipulation that the grandmother of the minor victim in count one may testify as to background information and the age of her minor grandson, but may not testify as to any of her grandson's hearsay statements. Id. at 12-13.

forensic evaluation, and the motion in limine (Dkt. # 14) was granted in part as to all images so designated other than the two (one image/one video) enumerated, and took under advisement the motion as to those two. Id. at 6-9. The Court also set a deadline for response and reply as to those two. Id. at 7-8.

In its written response to defendant's motion in limine (Dkt. # 14), however, the government states that it now seeks to introduce only the one image—"facials05.jpg," and not the video. Dkt. # 17, at 1-2. In his reply, defendant argues that the Court should exclude this image because it is difficult to tell the age of the "youthful male" depicted in the image, and the fact that there is adult male genitalia in close proximity to his face renders this image unfairly prejudicial to defendant. Dkt. # 20, at 2-3.

For the reasons stated on the record at the March 26, 2018 pretrial conference and by stipulation, defendant's motion in limine (Dkt. # 14) seeking to exclude the introduction of images and videos designated "Age Difficult" is **granted** as to all but the one image, "facials05.jpg." The motion is **denied**, however, as to "facials05.jpg." This image—which the government represents is of two adult males ejaculating on a very young child, and defendant characterizes as a youthful male with adult male genitalia in close proximity to his face—is relevant, pursuant to Fed. R. Evid. 403, to the jury questions of whether this is child pornography and whether defendant had knowledge that the person depicted therein was a minor, essential elements that the government must prove in order to convict defendant of the second count against him—i.e. possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). See United States v. X-Citement Video, 513 U.S. 64 (1994); United States v. Haymond 672 F.3d 948, 54 (10th Cir. 2012); United States v. Fabiano, 169 F.3d 1299, 1303 (10th Cir. 1999). At the pretrial conference, both counsel agreed that the minority of the

person depicted is a question of fact for the jury (Dkt. # 19, at 9). The Court finds that a jury does not necessarily need to see a child's face to determine minority. Defendant's motion, therefore, should be denied based on this argument.

Defendant also argues that, if allowed into evidence, "facials05.jpg" would unfairly prejudice him because it depicts adult male genitalia in close proximity to a youthful male's face. Dkt. # 20, at 2. All evidence is prejudicial to one party or another. The issue is whether it is <u>unfairly</u> prejudicial. This image is not, because this is a child pornography case, which, by its very nature, involves exactly the type of evidence that "facials05.jpg" represents.

**IT IS THEREFORE ORDERED** that defendant's motion in limine (Dkt. # 14) seeking to exclude the introduction of images and videos designated "Age Difficult" is **granted in part and denied in part**: it is **granted** as to all images and videos other than "facials05.jpg;" it is **denied** as to "facials05.jpg."

**DATED** this 2nd day of April, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE